IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EARL LEWIS ANDERSON, JR., #L1784              PLAINTIFF

VERSUS              CIVIL ACTION NO. 2:05cv1KS-JMR

RON KING, et al.              DEFENDANTS

ORDER

Before the Court is the following motion by the plaintiff: Motion [document #20] to grant an immediate hearing.

Upon review of the plaintiff's complaint and motion submitted, this Court finds that the Motion [document #20] is not well taken and shall be denied, for the following reasons. Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Denton v. Hernandez, 504 U.S. 25, 32, (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d)

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)    is frivolous or malicious;
        (ii)   fails to state a claim on which relief may be granted; or
        (iii)  seeks monetary relief against a defendant who is immune from such relief.

whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir. 1992), cert. denied, 504 U.S. 988 (1992). In other words, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). Therefore, because the court is still in the process of screening this case, a motion for an immediate hearing is not proper at this time. Accordingly, it is hereby,

ORDERED that Plaintiff's Motion [document #20] is **DENIED.**

THIS, the 1st day of December, 2005.

s/ John M. Roper  
CHIEF MAGISTRATE JUDGE
