IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EARL LEWIS ANDERSON, JR., #L1784                                                    PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 2:05cv1KS-JMR

RON KING, et al.                                                                    DEFENDANTS

<u>ORDER</u>

Upon consideration of the conditions of confinement complaint filed pursuant to

42 U.S.C. § 1983 by the plaintiff as well as amended complaints and responses in the above

entitled action, this court finds that the plaintiff is required to provide this court with additional

information.  In order to have a viable claim under 42 U.S.C. § 1983, the plaintiff must allege

that he was deprived of a right secured by the Constitution and the laws of the United States

and that the person depriving plaintiff of this right acted under color of any statute of the State.

<u>Daniel v. Ferguson</u>, 839 F.2d 1124 (5th Cir. 1988).  The plaintiff is required to state facts to

support his claims, not merely conclusory allegations.  Additionally, "[t]o establish a cause of

action based on conspiracy a plaintiff must show that the defendants agreed to commit an

illegal act."  <u>Arsenaux v. Roberts</u>, 726 F.2d 1022, 1024 (5th Cir. 1982).  The <u>Arsenaux</u> court

held that "[m]ere conclusory allegations of conspiracy cannot, absent reference to material

facts,"constitute grounds for Section 1983 relief.  <u>Dayse v. Schult</u>, 894 F.2d 170 , 173 (<u>citing</u>

<u>Arsenaux</u>, 726 F.2d at 1024).  Therefore, the plaintiff is hereby granted an opportunity to

provide the required information relating to his claims against the following defendants.  It is

hereby,

ORDERED:

1. That on or before Thursday, December 22, 2005, the plaintiff shall file a written response to this order to

(a) specifically explain what the plaintiff means by SHERMANDALE WILEY's "personal involvement" and "bogus RVRs";

(b) provide a copy of the "bogus RVRs" which were signed by SHERMANDALE WILEY;

(c) specifically state any facts which establish that the defendant SHERMANDALE WILEY conspired with another to violate the plaintiff's constitutional rights;

(d) specifically explain what T. SEABROOK did to falsify the plaintiff's administrative records;

(e) specifically explain what the plaintiff means by T. SEABROOK attempted to have the plaintiff killed;

(f) specifically state if the plaintiff was physically assaulted when he was moved from SMCI II to SMCI-I;

(g) specifically state the date the plaintiff was moved from SMCI-II to SMCI-I, the date he was physically assaulted and the name(s) of the person(s) who allegedly assaulted him;

(h) specifically state any facts which establish that the defendant T. SEABROOK conspired with another to violate the plaintiff's constitutional rights;

(i) specifically explain what C. PIERCE did to falsify the plaintiff's administrative records;

(j) specifically explain what the plaintiff means by C. PIERCE attempted to have the plaintiff killed;

(k) specifically state any facts which establish that the defendant C. PIERCE conspired with another to violate the plaintiff's constitutional rights;

(l) specifically state any facts which establish that the defendant R. LEWIS conspired with another to violate the plaintiff's constitutional rights;

(m) specifically state if the plaintiff was physically assaulted by an officer or inmate that the plaintiff had requested R. LEWIS to "red-tag;"

(n) if the answer to "(m)" is yes, state the date and the physical injury and the person who physically assaulted the plaintiff;

(o) specifically explain what OFFICER BREWER did to falsify the plaintiff's administrative records;

(p) provide a copy of Rules Violation Report #486978 including the disciplinary results;

(q) specifically state any facts which establish that the defendant OFFICER BREWER conspired with another to violate the plaintiff's constitutional rights;

(r) specifically explain what the plaintiff means by OFFICER M. DAVIS issued "bogus RVRs;"

(s) provide a copy of the "bogus RVRs" which were issued by OFFICER M. DAVIS;

(t) specifically explain what OFFICER M. DAVIS did to falsify the plaintiff's administrative records;

(u) specifically state any facts which establish that the defendant OFFICER M. DAVIS conspired with another to violate the plaintiff's constitutional rights;

(v) specifically explain what the plaintiff means by OFFICER M. TURNER issued "bogus RVRs";

(w) provide a copy of the "bogus RVRs" which were issued by defendant OFFICER M. TURNER;

(x) specifically explain what OFFICER M. TURNER did to falsify the plaintiff's administrative records;

(y) specifically state any facts which establish that the defendant OFFICER M. TURNER conspired with another to violate the plaintiff's constitutional rights;

(z)specifically explain what the plaintiff means by OFFICER W. MADDEN issued "bogus RVRs;"

(aa) provide a copy of the "bogus RVRs" which were issued by defendant OFFICER W. MADDEN;

(bb) specifically explain what OFFICER W. MADDEN did to falsify the plaintiff's administrative records;

(cc) specifically state any facts which establish that the defendant OFFICER W. MADDEN conspired with another to violate the plaintiff's constitutional rights;

(dd) specifically state what the plaintiff means by OFFICER KIDD issued "bogus RVRs;"

(ee) provide a copy of the "bogus RVRS" which were issued by defendant OFFICER KIDD;

(ff) specifically explain what OFFICER KIDD did to falsify the plaintiff's administrative records;

(gg) specifically state any facts which establish that the defendant OFFICER KIDD conspired with another to violate the plaintiff's constitutional rights;

(hh) specifically state what the plaintiff means by OFFICER DENMARK issues "bogus RVRs;"

(ii) provide a copy of the "bogus RVRs" which were issued by defendant OFFICER DENMARK;

(jj) specifically explain what OFFICER DENMARK did to falsify the plaintiff's administrative records;

(kk) specifically state any facts which establish that the defendant OFFICER DENMARK conspired with another to violate the plaintiff's constitutional rights;

(ll) provide a copy of RVR #486754, including the disciplinary results, when the plaintiff was taken to lockdown; and

(mm) specifically state if the plaintiff received a hearing on RVR #486754;

(nn) specifically state the length of time the plaintiff was held in lockdown for RVR #486754 before receiving a hearing;

(oo) specifically explain what information did CASE MANAGER BERRY withhold and detain;

(pp) specifically state any facts which establish that defendant CASE MANAGER BERRY conspired with another to violate the plaintiff's constitutional rights;

(qq) specifically explain what OFFICER T. RANKIN did to falsify the plaintiff's administrative records;

(rr) specifically state any facts which establish that defendant OFFICER T. RANKIN conspired with another to violate the plaintiff's constitutional rights;

2. **That failure to advise this Court of a change of address or failure to timely comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and will result in this cause being dismissed without prejudice and without further notice to the plaintiff.**

3. That the Clerk of Court is directed to mail a copy of this order to the plaintiff at his last known address.

THIS, the 1st day of December, 2005.

s/ John M. Roper
CHIEF MAGISTRATE JUDGE