IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| EARL LEWIS ANDERSON, JR. | PLAINTIFF |
| v. | **No. 2:05cv1-MTP** |
| RON KING, et al. | DEFENDANTS |
| | Consolidated with |
| EARL LEWIS ANDERSON, JR. | PLAINTIFF |
| v. | No. 2:05cv2174-MTP |
| DAVID HOLLINGHEAD, et al. | DEFENDANTS |

**OPINION AND ORDER**

THIS MATTER is before the court on various motions filed by the plaintiff seeking related injunctive relief. Consideration of the motions has been delayed pending disposition of the plaintiff's appeal to the United States Court of Appeals for the Fifth Circuit. The appeal having recently been dismissed as frivolous [169-2], the stay previously entered in this matter is rescinded in order that the motions may be considered and that this matter may proceed to final disposition.

Plaintiff's motions raise issues previously raised in this and other matters and do not establish or justify an award of injunctive relief as set forth herein. Accordingly, the motions will be denied.

Earl Anderson, Jr., a pro se prisoner proceeding *in forma pauperis*, filed this matter on January 3, 2005, pursuant to 42 U.S.C. § 1983. The complaint and numerous amendments thereto

name virtually every prison employee with whom he has had contact over the years – over sixty individuals – and allege a conspiracy and various acts of retaliation arising out of Anderson's demands to be treated by a specialist rather than a general dentist.[1]

On September 6, 2006, the court denied plaintiff's motion [32] for temporary restraining order and for other injunctive relief. *See* order [119]. Plaintiff had sought certain dental treatment by an oral surgeon as well as immediate removal from the custody of the Mississippi Department of Corrections ("MDOC").

Rather than allowing the matter to proceed to final disposition on the merits, the plaintiff followed up with additional motions requesting much of the same injunctive relief previously denied by the court. The motions at issue are:

**Motion no. 142.**[2] This motion demands a wide range of relief including reconsideration of the court's prior order denying appointment of counsel, an emergency restraining order removing plaintiff from MDOC custody, an order directing MDOC to provide certain medical and dental care, and permission to proceed with an appeal to the United States Court of Appeals for the Fifth Circuit.

Plaintiff's demand for permission to appeal *in forma pauperis* is denied as moot as plaintiff proceeded with the appeal and the appeal has now been dismissed. Moreover, this issue has been addressed by prior order [155].

Plaintiff's demand for court-appointed counsel is denied. This issue has also been

---

[1]This is not Anderson's first foray into mass litigation in this court. In July of 2003, he filed a lawsuit against approximately 60 individuals and made allegations similar to those asserted in this matter. *See Anderson v. March, et al.*, no. 3:03cv903 (S.D. Miss.). All of plaintiff's claims in that matter were eventually dismissed.

[2]This motion – and all of the other motions addressed in this opinion and order – is labeled or titled as a affidavit, but is liberally construed as a motion seeking injunctive relief.

addressed previously[3] and plaintiff does not point to any new information or other exceptional circumstances justifying appointment of counsel.  *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988);  *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987);  *Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985);  and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

**Motion no.159.**   As with prior motions, this motion demands immediate treatment by an oral surgeon and orthopaedic specialists, removal from MDOC custody to "a more desirable environment,"[4] removal of "bogus" rules violations reports, damages and other immediate relief. The motion further demands that the court interject itself into the MDOC's administrative remedy program ("ARP").

**Motion no. 163.**  Likewise, this motion demands an order directing the MDOC medical staff to provide him with appropriate medications, update medical profiles and "grant needed emergency restraining orders and injunctions requested."[5]

To obtain injunctive relief, a plaintiff must satisfy the stringent requirements of *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567 (5th Cir. 1974).  While the granting of preliminary injunctive relief is left to the sound discretion of the trial court, the moving party bears the burden of satisfying the four prerequisites for this extraordinary relief. *Callaway*, 489 F.2d. at 572.

The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the

---

[3]*See* Order [120].

[4]Motion [159-2],  p. 3.

[5]Motion [163], p 4.

merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. *Id*. These requirements are not balanced. Instead, each one must be met before the court can provide such extraordinary and drastic relief. *Mississippi Power & Light Co.,* 760 F.2d at 621.

The plaintiff's motions fall short when tested by these standards. The motions reiterate plaintiff's complaints that his dental and medical needs are being met with deliberate indifference, but in no way establishes with any likelihood that he will prevail on the merits or that there is a substantial threat of imminent irreparable injury. To the contrary, he states that this complaints have been urged over a seven-year period. Likewise, plaintiff's demands that he be removed from MDOC custody, that the court remove violation reports from his record and that the court involve itself in the ARP program do not merit extraordinary relief.

A primary justification for granting preliminary injunctive relief is to preserve the court's ability to render a decision on the merits. *Mississippi Power & Light Co.,* 760 F.2d at 627. This court concludes that it will be able to render a meaningful decision on the merits without granting the requested relief. Accordingly, plaintiff's motions are DENIED.

SO ORDERED this 30th day of August, 2007.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge