IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EARL LEWIS ANDERSON, JR.**                                                       **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO. 2:05cv1-MTP**

**RON KING, et al.**                                                              **DEFENDANTS**

                                                                                **Consolidated With**

**EARL LEWIS ANDERSON, JR.**                                                    **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 2:05cv2174-MTP**

**DAVID HOLLINGHEAD, et al.**                                       **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court *sua sponte* for consideration of the plaintiff's claims set forth in his pleadings and as amended by the sworn testimony given during his *Spears*[1] hearing on September 6, 2006. *See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint). As the plaintiff has alleged numerous claims against approximately sixty defendants, the court has screened this matter to ensure the orderly disposition of the case pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Section 1915(e)(2) states as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

. . .

1

Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (*quoting* 42 U.S.C. § 1983).

IT IS, THEREFORE, ORDERED:

1.  During his *Spears* hearing, when asked about "Unknown Officer Urbanks," the

---

(B) the action or appeal--
(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

plaintiff testified that it should have been "Officer Eubanks." (Tr. 134-35.) Further, the summons issued to Officer Urbanks as identified in plaintiff's complaint was returned unexecuted with the notation, "no officer Urbanks." There is apparently no "Officer Urbanks," since even the plaintiff was unaware of such a person at the *Spears* hearing. Accordingly, defendant "Unknown Urbanks" is dismissed from this action without prejudice.

2.      Based on the record before the court, it appears that "Unknown Captain Lewis" is the same person as "Captain Don Lewis," who has been properly served and has filed an answer to plaintiff's complaint. Accordingly, "Unknown Lewis" is dismissed from this action without prejudice.

3.      The plaintiff has asserted conclusory allegations against numerous defendants for conspiracy and threats. Conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Further, the plaintiff must "prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Gillum v. City of Kerrville*, 3 F.3d 117, 123 (5th Cir. 1993). Moreover, "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (*quoting Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)).

During his *Spears* hearing, the plaintiff testified that Rita Bonner conspired with others to threaten his witnesses with information about the alleged "bogus" Rule Violation Reports ("RVR's") filed against him, threatened to put him in lockdown, and threatened his life. (Tr. 66-68.) Mere threats do not amount to a constitutional violation. *See McFadden*, 713 F.2d at 146.

Accordingly, Rita Bonner is dismissed from this action with prejudice.

4.      The plaintiff testified that one of the "Unknown SMCI ERT Officers" threatened to beat him up in June 2005, and the other "Unknown SMCI ERT Officer" just "looked on" and did not try to stop it. (Tr. 52-54.)  Mere threats do not constitute a claim under Section 1983 as set forth above.  *See McFadden*, 713 F.2d at 146.  Likewise, plaintiff's claim that the other ERT Officer "looked on" while others threatened him does not amount to a constitutional violation.  In order to prevail on a failure to protect claim, the plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."  *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  Plaintiff has failed to make such a showing.  Accordingly, the "Unknown SMCI ERT Officers" are dismissed with prejudice.[3]

5.      Plaintiff testified that Captain D. West roughed him up in the mess hall, and that Officer Unknown Langley stood by why others roughed him up and did not do anything to stop it.  (Tr. 60-61; 111.)  Plaintiff testified that his injuries resulted only in bruises. Plaintiff's excessive force claim fails, since his alleged injuries were *de minimis*.  *See Copeland v. Nunan*, No. 00-20063, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (*quoting Hudson v. McMillian*, 503 U.S. 1 (1992)) (internal quotations and citations omitted) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

---

[3]Summonses were not issued for the "Unknown SMCI ERT Officers" because the plaintiff failed to provide the court with their proper names and addresses.  However, because plaintiff's assertions regarding these defendants fail to state a claim upon which relief can be granted, they are dismissed from this action with prejudice.

of a sort repugnant to the conscience of mankind."). Further, plaintiff has failed to make the requisite showing to prevail on a failure to protect claim. *See supra*, *Jones*, 188 F.3d at 326. Accordingly, Captain D. West and Officer Unknown Langley are dismissed with prejudice.[4]

6. The plaintiff testified that case manager E. Goings threatened his life, and that on the day before he was supposed to go to federal court, she told him that if he didn't take a shot,[5] she would send him to lock down. (Tr. 94-95.) However, plaintiff testified that he did not take the shot, walked out of her office, and went to the federal courthouse the next day. (Tr. 95.) The allegations against E. Goings, even if true, do not amount to a constitutional violation. Plaintiff does not allege that he was injured in any way by Ms. Going's conduct, that he was deprived of a constitutional right, or that he was prevented from going to the federal courthouse. Accordingly, Ms. Going is dismissed from this action with prejudice.[6]

7. Plaintiff testified that Officer Hal (or Harold) Hayes "conspired with gang members and everyone who conspired to kill [him]." (Tr. 100.) Specifically, Mr. Hayes "tried to trick [plaintiff] outside to where gang members were going to attack [him]." (Tr. 101.) Mere threats and conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *See supra*, *Wilson*, 976 F.2d at 958; *McFadden*, 713 F.2d at 146. Plaintiff does not allege that he actually went into the yard, was ever attacked by gang members, or was otherwise injured

---

[4] Officer Unknown Langley and Captain D. West have not been properly served with process and are not before the court. However, because plaintiff's assertions regarding these defendants fail to state a claim upon which relief can be granted, they are dismissed from this action with prejudice.

[5] Presumably, an inoculation of some type.

[6] E. Goings has not been properly served with process and is not before the court. However, because plaintiff's assertions regarding this defendant fail to state a claim upon which relief can be granted, she is dismissed from this action with prejudice.

by Mr. Hayes' conduct. Accordingly, Hal Hayes is dismissed from this action with prejudice.

8.      Plaintiff testified that Lt. Henderson conspired with Katherine Beastley to make bogus claims against him, and also threatened his life. (Tr. 102.) Plaintiff testified that Betty Bivens conspired against him to get him in lockdown and threatened him. (Tr. 62-63.) Plaintiff testified that Dr. K. Quinn signed her name on paperwork falsely stating that plaintiff refused medical treatment. (Tr. 119.) Plaintiff testified that Nurse Rebecca, a nurse for Dr. May--a private oral surgeon--conspired with Officers Hollinghead and Graves. Mere threats and conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *See supra*, *Wilson*, 976 F.2d at 958; *McFadden*, 713 F.2d at 146. (Tr. 50-51.) Further, "[a] plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. . . . In the event there is no constitutional right, the plaintiff's complaint fails." *Hoye v. Nelson*, No. 4:07cv044-M-B, 2007 WL 1321964, at *1 (N.D. Miss. May 3, 2007). Accordingly, Betty Bivens, Uknown Lt. Henderson, Nurse Rebecca, and Dr. K. Quinn are dismissed from this action with prejudice.[7]

9.      Plaintiff testified that Eddie Wolfe conspired against him and delivered him a bogus RVR. (Tr. 138.) Plaintiff testified that Terry Carter threatened his life, conspired against him with gang members, and wrote him bogus RVR's. (Tr. 74.) Plaintiff testified that Vicky Chapman and Tara Dailey wrote him bogus RVR's which helped get him locked down. (Tr. 74-77.) Plaintiff testified that Officer Brewer threatened his life, delivered him an RVR but refused

---

[7]Betty Bivens, Nurse Rebecca, and Dr. K. Quinn have not been properly served with process and are not before the court. However, because plaintiff's assertions regarding these defendants fail to state a claim upon which relief can be granted, they are dismissed from this action with prejudice.

to let him see it, and tried to force him to sign something he did not know anything about, which violated his due process rights. (Tr. 70-71.) Similarly, plaintiff testified that Melvin Davis and M. Turner threatened his life, conspired with gang members, and denied him due process by failing to deliver RVR's that they claimed were delivered. (Tr. 78-79; 132-33.) Plaintiff testified that L. Merrit conspired against him, made false accusations that he refused medical treatment, and wrote him an RVR that was delayed in delivery. (Tr. 116.) Plaintiff testified that Officer Butler threatened him and his witnesses to bogus RVR's, conspired against him, and violated his due process. (Tr. 71-74.)

As stated above, such conclusory allegations do not amount to a constitutional violation. *See supra*, *Wilson*, 976 F.2d at 958; *McFadden*, 713 F.2d at 146. Further, regarding the allegations of "bogus RVR's," and their problematic deliveries, or lack thereof, this court does not "'second-guess' the findings and determinations of prison disciplinary committees[,]" nor does the "Constitution . . . demand 'error-free' decision making . . . ." *Hoye*, 2007 WL 1321964, at *1 (*quoting Collins v. King*, 743 F.2d 248, 153-54 (5th Cir. 1984)) (dismissing plaintiff's claim regarding a "false RVR" *sua sponte,* reasoning that plaintiff's allegation did not constitute a constitutional violation); *McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007) (internal citations and quotations omitted) (dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915, where plaintiff claimed that he was innocent of the charges in the RVR, his disciplinary hearing was delayed, that the report reflected the incorrect date and time that he received a copy of the report; the court stated that a "prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

Although plaintiff testified at his *Spears* hearing that these defendants wrote, delivered, and/or failed to deliver "bogus" RVR's, he did not allege how they violated his due process rights. "A plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. . . . In the event there is no constitutional right, the plaintiff's complaint fails." *Hoye*, 2007 WL 1321964 at *1 (citations omitted). Accordingly, Officer Brewer, Officer Butler, Terry Carter, Vicky Chapman, Tara Dailey, Melvin Davis, L. Merrit, M. Turner and Eddie Wolfe are dismissed from this action with prejudice.[8]

10.   Plaintiff testified that Larry Hardy signed his names to "bogus" ARP's[9] in bad faith, which constituted a violation of his due process rights. (Tr. 100.) Plaintiff's vague and conclusory allegations against Mr. Hardy fail to state a claim upon which relief can be granted. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985) (stating that plaintiff must state specific facts to prevail on a Section 1983 claim, not mere conclusory allegations). Further, a prisoner does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly, Larry Hardy is dismissed from this action with prejudice.

11.   Plaintiff testified that C. Hood signed his name to a document falsely stating that he delivered plaintiff an RVR, which allegedly violated his due process rights. (Tr. 102-03.)

---

[8]Officer Brewer, Officer Butler, L. Merrit, and M. Turner have not been properly served with process and are not before the court. However, because plaintiff's assertions regarding these defendants fail to state a claim upon which relief can be granted, they are dismissed from this action with prejudice.

[9]Presumably, Administrative Remedy Procedure forms.

Plaintiff does not allege that Mr. Hood wrote the RVR, or that he was the one who found him guilty of something he did not know about. His only allegation is that C. Hood said he delivered something that he did not. Such allegations do not amount to a constitutional violation. *See supra*, *Hoye*, 2007 WL 1321964, at *1; *McGowan*, 2007 WL 710154, at *1-*2. Accordingly, C. Hood is dismissed from this action with prejudice.[10]

12. Plaintiff testified that Regina Hancock conspired to get him killed, conspired with Ron King to house plaintiff in Area I of SMCI, and took him to lockdown without a detention notice. (Tr. 98.) Similarly, plaintiff testified that Connie Pierce signed her name to paperwork to get him locked down without a detention notice and without notice of a hearing, which violated his due process rights. (Tr. 118.) Conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *See supra*, *Wilson*, 976 F.2d at 958. Further, plaintiff does not have a constitutional right to be housed in a certain area, and the mere failure of a prison official to follow procedures does not amount to a constitutional violation. *See Olim v. Wakinekona*, 431 U.S. 238, 245-46 (1983)*; McGowan*, 2007 WL 710154, at *1-*2. Accordingly, Regina Hancock and Connie Pierce are dismissed from this action with prejudice.

13. Plaintiff testified that Timothy Barnes conspired with gang members to kill him, to beat him up, to throw human manure and urine on him, and to "play with [his] food." (Tr. 56-57.) Plaintiff did not allege that he was ever injured as a result of the alleged conspiracy. As stated above, conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983. *See supra*, *Wilson*, 976 F.2d at 958. Further, "[a] plaintiff must be deprived of some right

---

[10]C. Hood has not been properly served with process and is not before the court. However, because plaintiff's assertions regarding Mr. Hood fail to state a claim upon which relief can be granted, he is dismissed from this action with prejudice.

secured to him by the Constitution or the laws of the United States. . . . In the event there is no constitutional right, the plaintiff's complaint fails." *Hoye*, 2007 WL 1321964, at *1.

Plaintiff also alleged that Mr. Barnes wrote him up for "bogus" RVR's, which denied him visitation, canteen privileges, yard call, showers, and law library privileges. (Tr. 57.) Plaintiff's allegations regarding the "bogus" RVR's fail to state a claim under Section 1983. *See supra*, *Hoye*, 2007 WL 1321964, at *1; *McGowan*, 2007 WL 710154, at *1-*2. Likewise, his conclusory claims for the denial of privileges fail to state a constitutional violation. *See Lewis v. Smith*, 277 F.3d 1373, No. 00-31371, 2001 WL 1485821, at * 2 (5th Cir. Nov. 13, 2001) (citations omitted) (holding that in order to succeed on an Eighth Amendment claim for denial of adequate recreation, plaintiff must establish: 1) that prison officials failed to provide him with adequate exercise opportunities ; and 2) that prison officials acted with deliberate indifference to a substantial risk of harm to his health and safety); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that cell restrictions and loss of commissary privileges are "merely changes in the conditions of [ ] confinement and do not implicate due process concerns"); *Hamilton v. Lyons*, 74 F.3d 99, 106 n.8 (5th Cir. 1996) (holding that denial of showers, legal materials, recreation and other privileges for three days did not amount to cruel and unusual punishment in violation of the Eighth Amendment).

Finally, plaintiff's allegations of denial of library privileges against Mr. Barnes fail to state a cognizable claim under Section 1983 because he does not allege an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (citation omitted) (holding that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

deadline or to present a claim'"). Accordingly, Timothy Barnes is dismissed from this action with prejudice.

14.     Plaintiff testified that Tony White and Travis White, fellow inmates, threatened his life and conspired against him. (Tr. 137-38.) As a preliminary matter, plaintiff's allegations fail to state a claim against these defendants because plaintiff has failed to show that they were acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") However, even assuming *arguendo* that Tony and Travis White were acting under color of state law, plaintiff's allegations still fail to state a claim against them because mere threats and conclusory allegations of a conspiracy do not amount to constitutional violations. *See supra*, *Wilson*, 976 F.2d at 958; *McFadden*, 713 F.2d at 146. (Tr. 50-51.) Accordingly, Tony White and Travis White are dismissed from this action with prejudice.[11]

15.     During his *Spears* hearing, plaintiff testified that William Cuddley threatened his life, conspired with gang members to get him killed, denied his request for pain medication, and would not bring him to sick call. (Tr. 75-76.) For the same reasons set forth above, plaintiff's claims against William Cuddley for threats and conspiracy fail to state a claim upon which relief can be granted, and are dismissed with prejudice. *See supra*, *Wilson*, 976 F.2d at 958;

---

[11]Summonses were not issued for Tony and Travis White because the plaintiff never provided the court with their complete addresses. However, because plaintiff's assertions regarding these defendants fail to state a claim upon which relief can be granted, they are dismissed from this action with prejudice.

*McFadden*, 713 F.2d at 146. Plaintiff's claims for what can be liberally construed as a denial of adequate medical care against William Cuddley will remain in this action at this time.[12]

16.    During his *Spears* hearing, plaintiff testified that Daniel Paff[13] made false accusations that he refused medical treatment, and that he retaliated against plaintiff for filing a grievance. (Tr. 118.) Plaintiff's claim against Daniel Paff that he made false accusations against him do not allege or implicate the violation of a constitutional right. *See supra*, *Hoye*, 2007 WL 1321964, at *1. Accordingly, such claims are dismissed with prejudice. Plaintiff's retaliation claim against Daniel Paff will remain in this action at this time.

17.    During his *Spears* hearing, plaintiff testified that T. Rankin conspired against him, wrote him "bogus" RVR's, and retaliated against him. (Tr. 121-22.) Plaintiff's conclusory claims of conspiracy and "bogus" RVR's against T. Rankin fail to state a claim under Section 1983 for the same reasons set forth above. *See supra*, *Wilson*, 976 F.2d at 958. Accordingly, such claims are dismissed with prejudice. Plaintiff's retaliation claim against T. Rankin will remain in this action at this time.[14]

18.    During his *Spears* hearing, when asked about defendant Cherlie Berry, the plaintiff reacted as if he did not know a "Cherlie Berry," but referred instead to Cherlie "Beastley." (Tr. 61-62.) In his Complaint [1], plaintiff alleged that Case Manager Berry

---

[12]However, William Cuddley has not been properly served with process and is not before the court. Unless served with process as set forth herein, the remaining claim against Mr. Cuddley will be dismissed.

[13]Sometimes referred to as Daniel "Papp."

[14]However, T. Rankin has not been properly served with process and is not before the court. Unless served with process as set forth herein, the remaining claim against T. Rankin will be dismissed.

conspired against him regarding bogus RVR's and also called plaintiff names in a "joking manner" which constituted cruel and unusual punishment. *See* Complaint [1] at 22. As stated above, plaintiff's conclusory allegations of a conspiracy do not amount to a constitutional violation. *See Wilson*, 976 F.2d at 958. Further, plaintiff's allegations of name calling does not constitute an Eighth Amendment violation. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that "verbal abuse by a prison guard does not give rise to an action under § 1983"). Accordingly, Cherlie Berry is dismissed from this action with prejudice.

19.     During his *Spears* hearing, when asked about defendant Katherine Beastley, plaintiff discussed his claims against Lloyd Beastley, but did not expound on his claims against Katherine Beastley. (Tr. 57-58.) In his Complaint [1], plaintiff alleged that Katherine Beastley conspired with others against him to "excite gang violence" and to threaten his classification, racially profiled plaintiff, tampered with his mail and canteen requests, recommended that he be referred to a psych doctor, and threatened his witnesses to RVR's. *See* Complaint [1] at 12-13. Plaintiff's conclusory claims of conspiracy and threats do not amount to a constitutional violation. *See supra*, *Wilson*, 976 F.2d at 958; *McFadden*, 713 F.2d at 146. Plaintiff's other vague and conclusory allegations against Ms. Beastley also fail because they do not establish the violation of a constitutional right. *See supra*, *Hoye*, 2007 WL 1321964 at *1. Accordingly, Katherine Beastley is dismissed from this action with prejudice.

20.     Plaintiff testified that Laura Steward did not mail his legal mail, which delayed his appeal, and that she denied him access to the courts on "many occasions." (Tr. 131-32.) In order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet

13

a filing deadline or to present a claim.'" *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (citation omitted); *see also Cartner v. Lowndes Cty.*, 89 Fed. Appx. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"). Plaintiff alleges that his appeal was delayed, but not that he was prevented from filing his appeal. Further, plaintiff fails to show how Ms. Steward's alleged conduct on the other "many occasions" adversely affected his position as a litigate. Accordingly, L. Steward is dismissed from this action with prejudice.

21.     Plaintiff alleges in his Amended Complaint [13] that Officer M. Bailey "showed gross deliberate[] indifference[], conspired, and falsified administrative records in the commission of a conspiracy violating plaintiff's rights in due process of the law seeking ill-will and hardship upon him against MDOC policies and procedures to the constitution -U.S.C.A. 8th and 14th Amend. Const." *See* Amended Complaint [13] at 11. These are the only allegations against M. Bailey in plaintiff's Amended Complaint, and plaintiff did not expound on his allegations against M. Bailey during his *Spears* hearing. (Tr. 56.) Plaintiff does not allege how M. Bailey showed gross deliberate indifference or how he was injured by it. Further he does not explain what administrative records she "falsified" or how he was injured by it; nor does he explain how his due process rights were violated. Conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts. *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990). Accordingly, M. Bailey is dismissed from this action with prejudice.[15]

---

[15]M. Bailey has not been properly served with process and is not before the court. However, because plaintiff's assertions regarding M. Bailey fail to state a claim upon which relief can be granted, she is dismissed from this action with prejudice.

22.     Plaintiff alleges in his Amended Complaint [13] that Case Manager R. Lewis "showed intentional deliberate[] indifference[] by ignoring gross due process violations and refusal to assist or answer plaintiff requests where a known conspiracy illegally confined, reduced his custody, and imminent threats by officer's and inmates whom plotted to kill him were never red-tagged seeking ill-will and hardship upon plaintiff unconstitutionally violating MDOC policies and procedures to the constitution -U.S.C.A. 8th and 14th Amendment Const." *See* Amended Complaint [13] at 9.  These are the only allegations against Case Manager R. Lewis in plaintiff's amended complaint, and plaintiff did not expound on his claims against R. Lewis during his *Spears* hearing.  Plaintiff does not allege how he was injured by R. Lewis' alleged gross deliberate indifference.  Further, he does he explain how his due process rights were violated.  Conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts.  *See Fee*, 900 F.2d at 807.  Accordingly, R. Lewis is dismissed from this action with prejudice.

23.     A number of the sixty or so defendants have not been served process due to plaintiff's failure to provide sufficient information to allow for same.  The plaintiff shall provide the court with the proper names and addresses of all defendants remaining in this action that have not been properly served by November 23, 2007, so that the court may direct issuance and service of process.  If the plaintiff fails to provide the court with the proper names and addresses of the remaining defendants who have not been properly served by November 23, 2007, such defendants shall be dismissed from this cause without prejudice so that the matter may proceed with the parties presently before the court.

24.     Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds

for dismissal without further notice to the plaintiff.

    SO ORDERED this the 9th day of November, 2007.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge