IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**EARL LEWIS ANDERSON, JR.**                                                      **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:05cv1-MTP**

**RON KING, et al.**                                          **DEFENDANTS**

                                                                                 **Consolidated With**

**EARL LEWIS ANDERSON, JR.**                                          **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 2:05cv2174-MTP**

**DAVID HOLLINGHEAD, et al.**                                        **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Plaintiff's pleading [219] entitled "Notice of Appeal," which contains a motion for new trial, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and a motion for transcripts. The court, having considered the motions [219] and the applicable law, finds that the motions should be DENIED.

In his pleading [219], Plaintiff asks United States District Court Judge Keith Starrett to review the undersigned's rulings and his "extremely prejudice handling" of the case. Because the parties in this action consented to trial by the undersigned United States Magistrate Judge, an appeal to the District Court Judge is not procedurally proper. *See* Local Rule 72.1(D) (stating that the procedure to appeal the magistrate's ruling to the district judge does not apply to consent cases). As previously instructed, if Plaintiff is aggrieved by the undersigned's rulings, he may appeal to the United States Court of Appeals for the Fifth Circuit. *See* Order [214]. Indeed, he has already attempted to do so. *See* Notice of Appeal [224]. Accordingly, this motion is not only procedurally improper; it is moot.

To the extent Plaintiff's motion is requesting the undersigned to reconsider his Order and Final Judgment [216] [217] and/or order a new trial under Federal Rule of Civil Procedure 60, such motion is without merit and should be denied. Federal Rule of Civil Procedure 60 provides in part as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Throughout his motion, Plaintiff references Rule 60(b)(6), the "catch-all" clause. Relief under Rule 60(b)(6) is only appropriate in "extraordinary circumstances." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160-61 (5th Cir 1990). Plaintiff has failed to allege "extraordinary circumstances" justifying relief under Rule 60(b)(6); instead, he rehashes the same arguments set forth in his pleadings and at trial. Accordingly, his motion for relief under Rule 60(b)(6) should be denied.

In his pleading [219], Plaintiff also requests copies of his transcripts from trial on March 25-26, 2008, his *Spears*[1] hearing on September 6, 2006, and from a hearing that occurred on

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

October 21, 2004 in another matter.  This court recently denied Plaintiff's request for copies of his transcripts from his *Spears* hearing on September 6, 2006, and from his hearing that occurred on October 21, 2004 in another matter.  Plaintiff's current request is denied for the same reasons set forth in the court's previous Order [215] entered on March 31, 2008.  Plaintiff's request for copies of his trial transcript is also denied.  An indigent prisoner does not have a constitutional right to free copies of transcripts of court proceedings in order search for possible defects.  *See U.S. v. Herrera*, 474 F.2d 1049, 1049 (1973); *Wright v. Curry*, 122 Fed. Appx. 724, No. 04-10304, 2004 WL 2977437, at *1 (5th Cir. Dec. 17, 1994).

Finally, Plaintiff seeks permission to proceed IFP on appeal.  This request is denied for the same reasons set forth in the court's recent Order [227] denying Plaintiff's request to proceed IFP on appeal in another similar Motion [225].

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [219] is DENIED.

SO ORDERED this the 14th day of March, 2008.

s/ Michael T. Parker
United States Magistrate Judge